(No. 13084.—Reversed and remanded.)

T. C. KELLER, Receiver, Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(NETTIE DAVIS, Admx. De-
fendant in Error.)

*Opinion filed February 18, 1920.*

1. WORKMEN'S COMPENSATION—*who is a dependent.* A depend-
ent is one who is sustained by another or relies upon the aid of
another for reasonable necessaries consistent with the dependent's
position in life.

2. SAME—*dependency is a question of fact.* Dependency, and
the extent thereof, are questions of fact, and although a husband
is under a legal duty to support his wife, the question whether she
actually received all or a part of her support from her son and
looked to him for such support is one of fact, with a decision of
which by the Industrial Commission the courts cannot interfere if
there is evidence tending to sustain the finding.

3. SAME—*when the Industrial Commission must determine the
beneficiary.* Where there is no voluntary payment on the part of
the employer and the Industrial Commission is called upon to de-
termine the compensation, it is the further duty of the commis-
sion to determine the person or persons entitled to compensation,
notwithstanding there is no dispute between the respective relatives
as to who is entitled to the award.

4. SAME—*effect where evidence shows dependency but not its
extent.* Where the evidence before the Industrial Commission tends
to show that a mother was dependent upon her deceased son but
there is no evidence tending to show the extent of such dependency
an award for total dependency cannot be sustained; but the mother
is entitled to the minimum award under paragraph (*c*) of section 7
of the Compensation act if she elects to accept the same instead
of having a further hearing.

WRIT OF ERROR to the Circuit Court of Montgomery
county; the Hon. THOMAS M. JETT, Judge, presiding.

HILL & BULLINGTON, for plaintiff in error.

W. J. MACDONALD, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error was sued out to review a judgment of the circuit court of Montgomery county confirming an award of the Industrial Commission of $1839.20, payable in installments, to defendant in error for an injury resulting in the death of David Davis, Jr. The award is for a sum equal to four times the average annual earnings of deceased, the maximum amount allowable under paragraph (b) of section 7 of the Workmen's Compensation act.

The only substantial objection made to the award is that there is no evidence in the record to sustain it. Deceased was sixteen years old, the eldest of the four children of David Davis and defendant in error. At the time of his death he had been employed as a trapper by plaintiff in error six and a half days. Prior to that he had worked for the American Radiator Company at Litchfield for about six weeks. David Davis and defendant in error had been married twenty-eight years and had lived together all that time with the exception of about two months prior to August 15, 1917. Some time during this period David Davis, father of deceased, was arrested for failure to support his wife and family and spent some time in jail at Hillsboro. Shortly after that he was released on bond and later the charge was withdrawn. Defendant in error moved with her family to Hillsboro August 14, and her husband came to the home the following day and was still living there at the time of this hearing. During the time the deceased was working he turned his earnings over to his mother and they were used for the support of the family. Deceased was killed September 10, 1917.

We think the evidence clearly justifies the finding of the commission that the mother was partially dependent upon the earnings of deceased. In law a dependent is one who

is sustained by another or relies for support upon the aid of another; who looks to another for support and relies upon another for reasonable necessaries consistent with the dependent's position in life. Questions of dependency, and the extent of it, are questions of fact, with a decision of which by the commission the courts cannot interfere if there is evidence tending to sustain its finding. (*Rock Island Bridge and Iron Works* v. *Industrial Com.* 287 Ill. 648.) While the husband of defendant in error was under a legal duty to support her, the question whether she actually received all or a part of her support from her son and looked to him for such support is a question of fact, which upon this record is concluded by the finding of the commission that she was dependent upon him. It will be seen, however, that the commission found that defendant in error was totally dependent upon the earnings of deceased. We think there is no evidence in the record to justify this finding. The award in this case should have been under paragraph (*c*) of section 7 of the Workmen's Compensation act. The finding of partial dependency under this section, whatever its degree, entitled the claimant to the minimum award of $1650.

The award in this case was allowed to the administratrix. While the Industrial Commission did not state in its finding which of the relatives were dependent upon the deceased employee, it is apparent that it intended the payment of the award to the mother. While there is no contest between the respective relatives as to the dependents entitled to the payment of the award, nevertheless, where there is no voluntary payment on the part of the employer and the Industrial Commission must determine the compensation, it is the further duty of the commission to determine the person or persons entitled to the compensation. *Paul* v. *Industrial Com.* 288 Ill. 532.

The evidence in this record and the facts found were sufficient to constitute a basis for a proper decision, and

the judgment of the circuit court is therefore reversed and the cause is remanded to the circuit court of Montgomery county, with directions to enter an award of $1650, payable in installments to Nettie Davis, mother of the deceased employee, if the claimant shall elect to accept such award, otherwise to remand the cause to the Industrial Commission for a further hearing consistent with the views herein expressed.     *Reversed and remanded, with directions.*