(No. 14007.—Reversed and remanded.)

THE PEABODY COAL COMPANY, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(PETER IACCH-
ERI, Admr. Defendant in Error.)

*Opinion filed October 22, 1921.*

1. WORKMEN'S COMPENSATION—*circuit court may order award
paid to administrator.* If an employer elects to pay compensation
voluntarily for the death of an employee, he may, at his option, pay
it to the personal representative or to the beneficiaries; but this
privilege does not extend to an employer who denies liability and
refuses to pay compensation until he has been adjudged liable in a
proceeding under the Compensation act, and the circuit court in
confirming an order of the Industrial Commission for an award
may direct that the compensation be paid to the administrator.

2. SAME—*Industrial Commission must make finding of depend-
ency.* Before an award of compensation can be made for the death
of an employee the Industrial Commission must find that the de-
ceased left persons who were dependent upon him for support and
must determine to whom the award shall be paid, and where the de-
cision of the arbitrator is incomplete and confusing because of the
careless use of the words "petitioner," "deceased" and "dependent,"
and is adopted by the Industrial Commission without making a find-
ing of dependency or determining the beneficiary, the circuit court
should not confirm the award.

WRIT OF ERROR to the Circuit Court of Sangamon
county; the Hon. E. S. SMITH, Judge, presiding.

WALTER M. PROVINE, for plaintiff in error.

KERR, MACDONALD & MURPHY, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

This writ of error is prosecuted, by leave of court, to
review the judgment of the circuit court of Sangamon
county confirming an award of the Industrial Commission
awarding compensation to Peter Iaccheri, administrator of
the estate of Adolpho Perini. November 11, 1917, de-

ceased died as the result of injuries received in a mine of plaintiff in error. The injury causing death arose out of and in the course of his employment. Compensation was fixed at $1650, payable in installments, in accordance with the provisions of paragraph *(c)* of section 7 of the Compensation act.

Plaintiff in error contends, first, that in accordance with paragraph *(g)* of section 7 (Laws of 1917, p. 494,) it was entitled to elect to pay the award, if any was made, to the beneficiaries of the deceased, and that the circuit court erred in confirming the order of the Industrial Commission directing it to pay compensation to the administrator. This contention has been answered in *Hammond Co.* v. *Industrial Com.* 288 Ill. 262. If the employer elects to pay compensation voluntarily, he may, at his option, pay the compensation to the personal representative of the deceased employee or to his beneficiaries. This privilege does not extend to an employer who denies liability and refuses to pay compensation until he has been adjudged liable in a proceeding conducted under the provisions of the act. The award was properly made to the administrator.

It is next contended that the circuit court erred in confirming the award of the Industrial Commission because the commission did not determine the person or persons entitled to compensation and made no finding that anyone was dependent on deceased for support. This contention must be sustained. *(Keller* v. *Industrial Com.* 291 Ill. 314; *Pratt Co.* v. *Industrial Com.* 293 id. 367.) The only evidence in the record is the depositions of three witnesses taken before a commissioner in Italy. Clarice Perini testified that she was the mother of deceased; that she was fifty-eight years old; that she was a widow and dependent on the earnings of deceased for her support; that during the four years prior to his death he had sent her at irregular times and in various amounts the total sum of $600; that she used this money for purchasing food, clothing and

other necessities; that she had four other children living,— a married daughter, thirty-two years of age, a son, who was serving in the army, twenty-seven years of age, and two single daughters living at home, twenty and seventeen years of age, respectively, and that deceased at the time of his death was a single man about thirty years of age. This evidence justifies the minimum award of $1650. The record before us shows that the mother was partially dependent on the deceased for her support and it shows that she was the only person entitled to compensation. *(Keller* v. *Industrial Com. supra; Pratt Co.* v. *Industrial Com. supra.)* Before an award can be made under paragraph *(c)* of section 7 the commission must find that the employee left a parent, grandparent or grandchild who at the time of the injury was dependent on the earnings of the employee. In this case the hearing was had before an arbitrator designated by the commission. The decision of the arbitrator is incomplete, and because of the careless use of the word "petitioner" where "deceased" or "dependent" is intended the decision is confusing. Instead of correcting this incomplete and confusing decision of the arbitrator the commission confirmed it and adopted it as its own. On review before the circuit court the cause should have been remanded to the Industrial Commission, with directions to complete its finding. The evidence in this record is sufficient to constitute a basis for a proper decision, but the award cannot stand where the commission has made no finding of dependency, and where it has not determined who, if anyone, is entitled to compensation.

The judgment of the circuit court is reversed and the cause is remanded, with directions to remand the cause to the Industrial Commission for further proceedings consistent with the views herein expressed.

*Reversed and remanded, with directions.*