## No. 12,976.

COLORADO FUEL AND IRON COMPANY *v.* INDUSTRIAL
COMMISSION ET AL.

(9 P. [2d] 285)

Decided February 29, 1932.

Messrs. FARRAR & MARTIN, Mr. WENDELL STEPHENS, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. ARTHUR L. OLSON, Assistant, Mr. JOHN J. WHITE, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS writ is prosecuted to review a judgment of the district court affirming the following award of the Industrial Commission, executed February 18, 1932:

"Deceased, John Kambic,. was killed in an accident arising out of and in the course of his employment with the Respondent on February 10, 1930. He left surviving him as his sole Dependents, his sister, Johanna Kambic, aged fifteen, and his brother Frank Kambic, aged thirteen. His half-sister, Katharine Sopcich, was not dependent upon him but upon her father, John Sopcich. The situation was that John Sopcich and the decedent, John Kambic, were supporting all of these Dependents, but it is considered that the duty of the Deceased John Kambic, was to his full brothers and sisters and that they take precedence over the half-sister, and that John Sopcich was supporting his wife, Anna Sopcich, and his daughter, Katharine Sopcich. John Kambic's average weekly wages were. $25.99. Joe Kambic has been appointed Guardian of said Minor Dependents.

"Order: That the Respondent employer pay compensation to the said Joe Kambic, as guardian aforesaid, at the rate of $56.40 per month, beginning February 10,. 1930, and continuing monthly thereafter until the full sum of $4,060.94 is paid."

On February 10, 1930, John Kambic, aged 19, brother of Johanna and Frank Kambic, minors and claimants herein, was killed while performing services arising out of and in the course of employment with plaintiff in error, the Colorado Fuel and Iron Company, for which he had been working 26 months. The fuel company admitted liability and agreed to pay compensation to decedent's lawful dependents. Anna Sopcich, mother of decedent, on behalf of herself, two brothers, Louis Kambic, aged 17, Frank Kambic, aged 13, Johanna Kambic, a sister, aged 15 and a half-sister, Katharine Sopcich, aged 10, filed a claim for compensation.

Decedent's mother, being divorced from his father, married John Sopcich and they had one child, Katharine Sopcich, aged 10. For more than two years prior to the accident, decedent lived with his mother, step-father, two brothers, sister and step-sister. The step-father was also

employed by the fuel company. The earnings of the step-father and decedent were all turned over to the mother and used by her collectively to support the family above mentioned. Anna Sopcich, the mother, died in November, 1930.

Section 4431, C. L. of '21, provides: "The question as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the injured employe and the right to death benefit shall become fixed as of said date irrespective of any subsequent change in conditions  *  *. *.''

■ Thereunder it became the duty of the commission to determine from the facts dependency of the claimants including the mother, Anna Sopcich, as such existed on the day of the accident.

No findings of dependence of either the mother, Anna Sopcich or the brother, Louis, was made.

Chapter 201, section 8, Session Laws of 1923, provides: "Children eighteen years of age or over, husband, mother, father, grandmother, grandfather, sister, or brother, who were wholly or partially supported by the deceased employe at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents.''

Section 4430, C. L. of '21, provides: "Partial dependents shall be entitled to receive only that portion of the benefits provided for those wholly dependent which the average amount of the wages regularly contributed by the deceased to such partial dependents at and for a reasonable time immediately prior to the injury bore to the total income of the dependents during the same time. The commission shall have power and discretion to determine the proper elements to be considered as income of said dependents in each particular case. Where there are persons both wholly dependent and partially dependent, only those wholly dependent shall be entitled to compensation.''

■ Under these sections the question of dependency

is to be determined as a matter of fact and cannot be based upon an existing legal duty to provide support. *Keller v. Industrial Com.*, 291 Ill. 314, 126 N. E. 162; *American Fuel Co. of Utah v. Industrial Commission*, 60 Utah 131, 206 Pac. 786; *Milwaukee Basket Co. v. Wiecki*, 173 Wis. 391, 181 N. W. 308; *Southern Surety Co. v. Hibbs* (Texas), 221 S. W. 303; *Morris v. Yough Coal & Supply Co.*, 266 Pa. 216, 109 Atl. 914.

The award of the commission being based upon a duty to support and not upon a finding of dependency in fact existing on the date of the accident, cannot be upheld.

The judgment is reversed, the cause remanded with directions that the district court vacate its judgment and the findings and award of the Industrial Commission and remand the case to the commission for further proceedings in harmony herewith.

MR. JUSTICE BUTLER not participating.