**ACME GLASS COMPANY, and United States Fidelity & Guaranty Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Barbara Prosen, Claimant in the Matter of the Death of Donald M. Prosen, Respondents.**

**No. 83CA1317.**

Colorado Court of Appeals, Div. II.

May 17, 1984.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Murray, Baker & Wendelken, Stephen J. Lebel, Colorado Springs, for respondent

Barbara Prosen, claimant in the death of Donald M. Prosen.

KELLY, Judge.

Petitioners, Acme Glass Company and United States Fidelity & Guaranty Company, seek review of a final order of the Industrial Commission awarding the widow of the deceased, Donald Prosen, death benefits without any offset for social security payments received by the deceased's stepchildren. We affirm.

At the time of his death in an industrial accident on September 30, 1982, the deceased was married to Barbara Prosen, but had not adopted her two children by a previous marriage. Following the deceased's death, social security benefits were awarded to each child and to Barbara for the benefit of the children. It appears from the record that Barbara's income precludes her from receiving social security payments for her own benefit.

At the hearing before the Commission, petitioners admitted that the deceased's death occurred in the course of his employment, and stipulated as to his wage rate and his marriage to Barbara. The hearing officer found that the deceased's stepchildren were not entitled to any death benefit award, and this ruling is not being challenged here. However, the hearing officer rejected petitioners' contention that the death benefits payable to Barbara should be offset by the social security payments received by the children, and awarded her the full amount of those benefits. The Industrial Commission affirmed the order.

Petitioners' sole contention on review is that the Commission erred in failing to reduce the death benefits award by the amount of social security benefits payable to Barbara's children. We disagree.

Section 8–50–103, C.R.S. (1983 Cum. Supp.), which provides for an award of death benefits to the dependents of a deceased employee, states that:

"In cases where it is determined that periodic death benefits granted by the federal old age, survivors, and disability insurance act ... are payable to an individual and his dependents, the aggregate benefits payable for death pursuant to this section shall be reduced, but not below zero, by an amount equal to one hundred percent of such periodic benefits."

Petitioners contend that the phrase "individual and his dependents" refers to the surviving spouse and the surviving spouse's dependents, and that the social security payments to Barbara's children therefore trigger the § 8–50–103 offset because the children are her dependents and receive federal assistance.

Until 1975, the only provision for the reduction of workmen's compensation benefits was contained in § 8–51–101(1)(c), C.R.S., in the article controlling "accident benefits." The provision applied to "periodic disability benefits granted by the federal old age, survivors, and disability insurance act ... payable to an individual and his dependents." Read in context, the term "individual" in § 8–51–101(1)(c) applies only to the workman himself. *See, e.g., In re Dailey v. Industrial Commission,* 651 P.2d 1223 (Colo.App.1982). A contrary reading would have the anomalous result that the offset would apply only to the workman's family but not to the workman himself.

Additionally, state provisions for reduction of workers' compensation benefits based on old-age, survivors, and disability insurance payments are authorized by 42 U.S.C. § 424a(d). Therefore, in order to determine the meaning of "individual," as used in § 8–50–103, it is necessary to examine its usage in the Social Security Act. 42 U.S.C. § 301, et seq.

The title of 42 U.S.C. § 402 is "Old-Age and Survivors Insurance Benefit Payments." This section describes the conditions under which various parties are eligible for the relevant federal benefits. Under 42 U.S.C. § 402(e) widow's insurance benefits are delineated as follows:

"(1) The widow ... and every surviving divorced wife ... of an *individual* who

died a fully insured *individual*, if such widow or such surviving wife ...

"(c)(i) has filed application for widow's insurance benefits, or was entitled to wife's insurance benefits, on the basis of the wages and self employment income of such *individual*, for the month preceding the month in which he died ...." (emphasis supplied)

■ "Individual" refers to the decedent, not the widow. Generally, the term is used in this manner throughout the act. In view of the consistent usage of this term in the federal act and the fact that "individual" does not reappear in the Colorado Workmen's Compensation Act, except with respect to reduction in state benefits based on federal disability benefits, § 8–51–101(1)(e), C.R.S. (1983 Cum.Supp.), we conclude that it was the intent of the General Assembly to be guided by the definition given by the United States Congress.

In 1975, § 8–50–103 was amended by the addition of a provision for deduction from death benefits of any federal death benefits "payable to an individual and his dependents." Colo.Sess.Laws 1975, ch. 71, at 299. From the use in § 8–50–103 of the same phrase as that used in § 8–51–101(1)(c), it can be inferred that the General Assembly intended that the same construction be placed upon it and that the phrase "individual and his dependents" refer to the workman and his dependents. *See Conrad v. Thornton*, 36 Colo.App. 22, 536 P.2d 855 (1975).

■ We are not persuaded by petitioners' argument that this construction leads to an inequitable result in that a widow with unadopted children would not be subject to the offset, but one with children who have been adopted would be. While we express no opinion as to whether an unadopted child residing with a workman may, under some circumstances, be dependent for purposes of the act, *see* 2 *A. Larson, Workmen's Compensation Law* § 62–23 (1983), the determinative factor here is that the deceased's stepchildren were found not to be dependents of the deceased. The policy underlying the offset provision, the prevention of duplication of benefits, *see Dailey v. Industrial Commission, supra*, is not promoted by allowing a deduction for payments made to individuals who were not dependents of the deceased. Accordingly, the award of death benefits without any offset for social security benefits received by the deceased's non-dependent stepchildren was proper.

Order affirmed.

BERMAN and BABCOCK, JJ., concur.