**TRI-STATE COMMODITIES, INC., and Argonaut Midwest Insurance Company, Petitioners,**

v.

**Frank R. STEWART (Deceased); The Industrial Commission of Colorado; Sherry Jo Stewart as mother and next friend of Jason, Gentry and Jennifer Stewart; and Myrna Edna Stewart, Greg Ingram, Lori Ingram, Monte Ingram and Scott Ingram, Respondents.**

No. 83CA1442.

Colorado Court of Appeals, Div. IV.

June 28, 1984.

Rehearing Denied July 26, 1984.

White & Steele, P.C., Glendon L. Laird, John P. Carver, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado,

Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Susan M. Lach, Fort Collins, for appellee Sherry Jo Stewart.

Waldo & Waldo, Ralph E. Waldo, Jr., Greeley, for appellee Myrna Edna Stewart.

LEE, Justice.*

Employer, Tri-State Commodities, Inc. (Tri-State), and insurer, Argonaut Midwest Insurance Company, seek review of a final order of the Industrial Commission awarding death benefits to the survivors of Frank R. Stewart, deceased. Petitioners contend that the Commission erred in its determination that decedent's death arose out of and in the course of employment and that decedent's stepchildren were not dependents. We affirm.

Decedent was employed as a truck driver by Tri-State. On the day of his death, decedent allowed two of his stepsons and a third boy to accompany him on a delivery of a truckload of urea, a granular chemical material. Decedent allowed the children to sit on the top of the open compartment as the urea flowed out through an opening at the bottom of the truck into receiving bins. Decedent's youngest stepson accidently slipped into the draining urea, and decedent was killed while attempting to rescue him.

The hearing officer found that employer " 'discouraged' children from being present at industrial work sites, but there was no written or oral prohibition issued by employer prohibiting [the practice]." The hearing officer further found that decedent's attempt to save his stepson "was a benefit to ... employer as an attempt to mitigate liability for damages" to which employer might otherwise have been subject. The hearing officer concluded that decedent's death arose out of and within the course of his employment, and awarded death benefits to decedent's widow and his children by a former marriage. The Industrial Commission affirmed the award.

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3),

## I.

Petitioners first contend that decedent's death did not arise out of and in the course of his employment. Petitioners advance two distinct arguments in support of this contention.

### A.

■ First, petitioners argue that decedent's death comes within the imported danger doctrine, which was set forth in *Industrial Commission v. Enyeart*, 81 Colo. 521, 256 P. 314, 315 (1927) as follows:

"[A]n accident which is the result of a cause brought onto the employer's premises by the workman himself for his own purposes, is not caused by his employment and does not arise out of it."

The imported danger doctrine is applicable only if the employee himself was the source of the instrumentality causing the injury which he suffered and has no application if the immediate cause of the injury was an inherent hazard of the occupation. *See* 1 *A. Larson, Law of Workmen's Compensation* § 12.30–12.35 (1983).

■ Here, the immediate cause of decedent's death was suffocation in a truckload of urea. Thus, the source of the harm was not an instrumentality provided by decedent, but was rather a hazard directly arising from his occupational duties, which included unloading large quantities of granular substances. Petitioners have cited no authority that decedent's decision to permit his stepchildren to accompany him, which ultimately resulted in decedent's fatal rescue attempt, was itself an "imported danger," and we decline to extend the doctrine so far beyond its prior application.

### B.

■ Petitioners contend also that decedent was acting beyond the scope of his employment in attempting to rescue his stepson. Again, we disagree.

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

"The test in Colorado as to whether an injury has arisen out of the course of employment is whether there is a causal connection between the duties of employment and the injury suffered." *Deterts v. Times Publishing Co.* 38 Colo.App. 48, 552 P.2d 1033 (1976).

The requisite causal connection was clearly present here, since decedent was killed in an emergency which arose directly from the performance by decedent of his employment duties. This result is not altered by the fact that decedent was engaged in a rescue attempt when he died. Any emergency or rescue activity is within the course of employment if the employer has an interest in the rescue. 1A *A. Larson, Law of Workmen's Compensation* § 28.00 (1983). Such an interest on the part of the employer is present where the emergency or rescue occurs within the "zone of special danger" created by the conditions of employment. *See O'Leary v. Brown-Pacific-Maxon, Inc.,* 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951).

■ Here, the rescue was occasioned by a hazard created by the conditions of decedent's employment. Under these circumstances, decedent's rescue attempts arose from and in the course of his employment. *See Ocean Accident & Guaranty Corp. v. Industrial Accident Commission,* 180 Cal. 389, 182 P. 35 (1919); 1A *A. Larson, Law of Workmen's Compensation* § 28.11 (1983).

## II.

Petitioners also contend that the Commission erred in its determination that decedent's stepchildren were precluded from being dependents of decedent because they are not within any of the classes of persons who may be dependents under the Workmen's Compensation Act. We disagree.

■ Section 8–50–101, C.R.S., enumerates those persons rebuttably presumed to be wholly dependent upon a deceased employee. Those persons who are considered to be dependents if "wholly or partially supported by the deceased employee at the time of death and for a reasonable period

of time immediately prior thereto" are set forth in § 8–50–102, C.R.S. While § 8–50–101 includes "legally adopted children" within the category of persons presumed to be dependent, neither § 8–50–101 nor § 8–50–102 contains any provision for unadopted stepchildren. It follows that such children cannot be dependents for the purposes of an award of workmen's compensation death benefits.

The authorities relied upon by petitioners for the proposition that dependency is always a question of fact have no bearing on this result since those cases concern only the question whether persons within the categories set forth in §§ 8–50–101 and 8–50–102 are dependents, and do not address the issue here—whether persons not within the enumerated categories may be statutory dependents.

Order affirmed.

VAN CISE and STERNBERG, JJ., concur.