**PEOPLE of the State of Colorado, In the Interest of Cynthia WHITTINGTON, Obligee–Appellant,**

v.

**David Noyes LOW, Obligor–Appellee.**

**No. 86CA1043.**

Colorado Court of Appeals, Div. III.

Aug. 11, 1988.

Robert R. Gallagher, Jr., Dist. Atty., Catherine P. Adkisson, Deputy Dist. Atty., Littleton, for obligee-appellant.

Lorraine A. Chappell, Aurora, for obligor-appellee.

TURSI, Judge.

Cynthia Whittington, the obligee in an action for support under § 14–5–101, et seq., C.R.S. (1987 Repl.Vol. 6B), the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), appeals the trial court's order limiting the amount of child support to be paid under RURESA to the monthly amount ordered at the time of the dissolution and refusing to grant an increase in future support payments. We affirm.

The marriage of the parties was dissolved by the Arapahoe County District Court in April 1977. The obligee then moved to Virginia. In November 1984, she filed a RURESA request for enforcement of support due under the original decree and for an increase in support. The order

being appealed was entered on December 4, 1985.

The sole issue on appeal is whether the trial court properly applied the "changed circumstances" standard set forth in § 14–10–122, C.R.S. (1987 Repl.Vol. 6B) to the RURESA proceeding rather than conducting a *de novo* hearing based on present circumstances for the entry of a separate order of support. We hold that the court's application of that standard to a RURESA action against a Colorado resident seeking modification of a Colorado decree was not erroneous.

RURESA does not in itself create a duty of support, but it merely provides a means to enforce such a duty existing under the substantive law of the state where the obligor is residing when enforcement is sought. *See* § 14–5–105 and § 14–5–108, C.R.S. (1987 Repl.Vol. 6B). *See also Ross v. Thomas,* 753 P.2d 783 (Colo.App.1987); *cf. In re Marriage of Enewold,* 709 P.2d 1385 (Colo.App.1985). Since the obligor resided in Colorado, the court was required to apply the laws of Colorado to determine his future support obligation. Section 14–5–108, C.R.S. (1987 Rep.Vol. 6B).

Colorado law at the time the order in question was entered provided that a duty of support arising out of a dissolution of marriage action shall be modified only as provided in § 14–10–122, C.R.S. Therefore, because the court here was asked to modify support which had arisen pursuant to a Colorado support order, it properly applied the "changed circumstances" standard of that statute.

Furthermore, the General Assembly has now enacted the specific standards to be followed in applying § 14–10–122 to RURESA. Section 14–10–115(17), C.R.S. (1987 Repl.Vol. 6B) provides:

"This section [establishing guidelines of presumptive child support amounts] shall apply to all child support obligations, established or modified, as a part of any proceeding, including, but not limited to, articles 5, 6, and 10 of this title and articles 5 and 6 of title 19, C.R.S., wheth-

er filed on, prior to, or subsequent to July 10, 1987."

Order affirmed.

CRISWELL and JONES, JJ., concur.