KIEWIT WESTERN, INC., and Standard Fire Insurance Company of Hartford Connecticut, Petitioners,

v.

Bonnie PATTERSON, the Industrial Claim Appeals Office of the State of Colorado, and Robert Husson, as the Director, Colorado Division of Labor, Workmen's Compensation Section, Respondents.

No. 88CA0509.

Colorado Court of Appeals, Div. IV.

Jan. 12, 1989.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Benjamin P. Kramer, P.C., Benjamin P. Kramer, Denver, for petitioners.

Stephen J. Worrell, Glenwood Springs, for respondent Bonnie Patterson.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office and Robert Husson.

CRISWELL, Judge.

Kiewit Western, Inc., and Standard Fire Insurance Company of Hartford Connecticut (petitioners) contest the final order of the Industrial Claim Appeals Office (Panel) which upheld an award by an Administrative Law Judge (ALJ) of workmen's compensation benefits to Bonnie Patterson (claimant). The Panel also affirmed the ALJ's findings that claimant's injury did not result from the willful violation of a safety rule or from intoxication. We affirm.

Petitioners first contend that benefits should not have been awarded because, by drinking alcoholic beverages before work, and then climbing the guardrail, claimant created the conditions which caused her injury. We disagree.

The "imported danger" doctrine upon which petitioners rely provides that an accident which is the result of a cause brought onto the employer's premises by the worker for her own purposes does not arise out of and in the course of employment. *Tri–State Commodities, Inc. v. Stewart*, 689 P.2d 712 (Colo.App.1984).

Here, however, claimant's action of climbing the guardrail in order better to see oncoming traffic was not a danger imported by her. Rather, this action was an activity that was reasonably related to her job duties and was, thus, a hazard inherent in her occupation. *See Tri–State Commodities, Inc. v. Stewart, supra.*

Although claimant's prior consumption of alcohol could arguably be viewed as an imported danger, the ALJ did not find that claimant's prior drinking caused her injury. Moreover, our Workmen's Compensation Act (Act) provides for a less drastic remedy if an injury results from drinking. *See* § 8–52–104(1)(c), C.R.S. (1986 Repl.Vol. 3B). Hence, even had the ALJ found that drinking caused claimant's injury, the imported danger doctrine would not be applicable to deny all benefits to her.

Petitioners nonetheless argue that claimant's consumption of alcohol constitutes a deviation from the course of her employment, so that her injury did not arise out of or in the course of that employment. We reject this assertion.

While consumption of alcohol may be one of the causes of an industrial injury in some cases, an employee need not have an impeccable record in order to receive benefits under the Act. So long as an injury arises out of and in the course of employ-

ment, the scheme of the Act is to provide benefits without regard to fault. *See Frohlick Crane Service, Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973). *Cf.* § 8–52–104(1), C.R.S. (1986 Repl.Vol. 3B) (providing a fifty percent *reduction* in benefits under various conditions including intoxication). Since claimant's drinking here did not cause her injury, the fact of her drinking does not disqualify her from receiving full benefits. *Cf.* § 8–73–108(5)(e)(VIII), C.R.S. (1986 Repl. Vol. 3B) (employee disqualified from receipt of unemployment compensation benefits for "off-the-job" use of alcohol "resulting in interference with job performance").

Petitioners also contend that claimant is not entitled to benefits because, when she climbed atop a guardrail and fell, she departed from the course of her employment as a traffic flagger. We reject this argument for the reasons outlined in the Panel's order.

Petitioners finally contend that the ALJ's resolution of evidentiary conflicts reflects bias and an abuse of discretion. We find neither to be true.

The order is affirmed.

TURSI and FISCHBACH, JJ., concur.