The COMMONWEALTH OF PENNSYL-VANIA, In the Interest of Brenda L. MOORE, Obligee–Appellee,

v.

Timothy Charles BARTA, Obligor–Appellant.

No. 89CA0184.

Colorado Court of Appeals, Div. I.

March 15, 1990.

John P. DuBois, Sr. Deputy Dist. Atty., Colorado Springs, for obligee-appellee.

Howard Morrison, Colorado Springs, for obligor-appellant.

Opinion by Judge SILVERSTEIN.*

In this action pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), obligor, Timothy C.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

Barta, appeals from an order requiring him to pay spousal maintenance. We affirm in part, reverse in part and remand for further proceedings.

Barta, an Army serviceman, and Brenda Moore, obligee, were married on June 30, 1978, in Maryland. Later in 1978, they separated. Barta was transferred to Ft. Carson and the wife moved to her home state of Pennsylvania. A child was born of this marriage on June 26, 1979.

This action was initiated in 1979 by the wife in Pennsylvania, and although Barta was personally served at Ft. Carson, he did not appear at the hearing held in the El Paso County District Court. At that RURESA hearing, held on January 21, 1980, he was ordered to pay $125 per month child support and $75 per month spousal maintenance. He was served with a copy of that order on February 6, 1980. Beginning in May 1980, Barta made several payments of child support and spousal maintenance to the court's registry fund.

In 1982, wife initiated divorce proceedings in Pennsylvania, with Barta being personally served in Colorado. He did not appear in the Pennsylvania proceedings. A decree dissolving the marriage was entered on May 25, 1982; maintenance was neither requested nor ordered.

On June 2, 1988, the District Attorney's Office of the Fourth Judicial District sent Barta a notice concerning a wage assignment pursuant to § 14–14–107, C.R.S. (1987 Repl.Vol. 6B) that was intended to collect arrearages in spousal maintenance. On June 14, 1988, Barta filed an objection to the wage assignment.

Following a hearing on August 3, 1988, the trial court concluded that the 1979 RURESA order for both child support and spousal maintenance was valid and had not been negated by the subsequent dissolution action. Accordingly, the trial court activated the wage assignment.

On appeal, Barta contends that he owes no spousal maintenance since the inception of the RURESA action of 1980. Alternatively, he contends that he owes no spousal maintenance subsequent to the dissolution

decree in 1982. We disagree with the former contention but agree with the latter.

■ A RURESA proceeding may be brought to enforce "a duty of support whether imposed or imposable by law, order, decree or judgment of any court, whether interlocutory or final, or whether incidental to an action for divorce, separation, separate maintenance, or otherwise." Section 14–5–103(2), C.R.S. (1987 Repl.Vol. 6B). Pursuant to RURESA, an obligor's duty of support is that "imposed under the laws of any state where the obligor was present for the period during which support is sought." Section 14–5–108, C.R.S. (1987 Repl.Vol. 6B). RURESA does not create an independent duty of support, but rather provides a means of enforcing a duty arising out of either a foreign support order or the law of the state where the obligor resides. *Whittington v. Low,* 761 P.2d 274 (Colo.App.1988).

■ Therefore, the obligor is required to pay spousal maintenance only for those periods when he had a duty to do so under the laws of the state of Colorado. In Colorado, an individual has a statutory and common law duty to support his or her spouse independent of the provisions of any court order or divorce or dissolution decree. Section 14–6–101, et seq., C.R.S. (1987 Repl.Vol. 6B). However, the duty to support a spouse ceases when the marriage is dissolved, unless an order of maintenance is entered in connection with the dissolution decree. Furthermore, maintenance must be requested in the petition for the dissolution of marriage or it is forever waived. *In re Marriage of Boyd,* 643 P.2d 804 (Colo.App.1982).

■ Here, the RURESA order awarding spousal maintenance was entered to enforce the obligor's duty to support his spouse under common law and § 14–6–101, et seq., C.R.S. (1987 Repl.Vol. 6B). However, once the parties were divorced and no spousal maintenance or alimony was awarded in connection with that divorce, the obligor's duty to support the obligee ceased under Colorado law, and the RURESA order was thereafter unenforceable with respect to the provisions for spousal

maintenance. Therefore, the trial court erred in executing the wage assignment insofar as it applied to unpaid spousal maintenance that had accrued after the parties' divorce.

The order is affirmed insofar as it concerns the period before the date of the parties' divorce and is reversed insofar as it concerns the period after the divorce. The cause is remanded to the trial court to determine the amount of unpaid spousal maintenance accrued from the entry of the original order until the parties' divorce, and to execute a wage assignment to collect that amount.

PIERCE and PLANK, JJ., concur.