George D. DIETIKER, Petitioner
and Cross–Appellee,

v.

The INDUSTRIAL CLAIM APPEALS
OFFICE OF the STATE OF
COLORADO, Respondent,

and

Colorado Kenworth, Inc., and Colorado
Compensation Insurance Authority,
Respondents and Cross–Appellants.

Nos. 93CA0100 and 93CA0115.

Colorado Court of Appeals,
Div. I.

Nov. 18, 1993.

Rehearing Denied Dec. 30, 1993.

172

William A. Alexander, Jr., Colorado Springs, for petitioner and cross-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Paul Tochtrop, Denver, for respondents and cross-appellants.

Opinion by Judge ROTHENBERG.

In this workers' compensation case, petitioner, George D. Dietiker (claimant), and respondents, Colorado Kenworth, Inc., (employer) and its insurer, the Colorado Compensation Insurance Authority (insurer), seek review of a final order of the Industrial Claim Appeals Panel which determined insurer's entitlement to offsets for certain social security disability insurance payments paid to claimant's dependents. We affirm in part and set aside in part.

## I.

The parties stipulated to the following facts.

In August 1976, claimant was injured in an industrial accident which resulted in a permanent total disability and entitled him to workers' compensation benefits. At the time of the accident, he was married and had three children.

On March 1, 1977, claimant also was awarded Social Security Disability Insurance (SSDI) benefits of $410 per month (1977 award). Claimant's wife and children also qualified as dependents under federal guidelines and were awarded SSDI benefits of $77 per month each.

In June 1979, claimant was divorced from his first spouse. However, for approximately one year after the divorce, his ex-wife continued to receive SSDI benefits as his dependent.

In April 1983, claimant remarried, and in July 1987, his second wife and her two children also began receiving SSDI benefits of $194 per month each as claimant's dependents (1987 award). Claimant adopted his second wife's two children in June 1989.

This action arose when claimant contested the insurer's entitlement to offsets against his workers' compensation benefits for: (1) those SSDI benefits paid to claimant's first wife *after* the date of their divorce; and (2) all SSDI payments made to his second family. Alternatively, claimant asserted that even if the insurer was entitled to some offset for his second family, it should have been based upon the SSDI benefits they would have been entitled to receive in 1977, the date of claimant's initial workers' compensation award. The parties stipulated that if claimant's second family had been his dependents in 1977 for the purpose of obtaining SSDI benefits, each would have received $77 per month.

## II.

Section 8–42–103(1)(c)(I), C.R.S. (1993 Cum.Supp.) provides:

> In cases where it is determined that *periodic disability benefits* granted by the federal old-age, survivors, and disability insurance act are payable to an *individual and said individual's dependents*, the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to one-half such federal periodic benefits.

(emphasis added)

■ Under the statute, it is clear that insurer is entitled to receive an offset against claimant's permanent total disability benefits

for a portion of the SSDI benefits paid to claimant and his "dependents."

Our resolution of the issues on appeal, however, depends upon the definition of "dependents," as used in § 8–42–103(1)(c)(I).

The insurer contends that anyone who is classified as a "dependent" for the purposes of receiving social security disability benefits is automatically also a "dependent" under the Colorado Workers' Compensation Act (the Act). Thus, according to insurer, it is entitled to an offset for *all* SSDI benefits paid, including those to claimant's first wife after the divorce and those paid to his second wife and her children. (The offset for benefits paid to his children from his first marriage is not in issue.)

We recognize that portions of the enumerated categories in the Act may conflict with federal programs. However, we are not persuaded that our General Assembly intended to be guided by Congress' definitions in the Social Security Act or to include other unnamed persons as statutory dependents under the Act. *See generally Bradley v. Industrial Claims Appeals Office,* 841 P.2d 1071 (Colo.App.1992) (Workers' Compensation Act is an organic act that is self-operational without the need of supplementation).

■ Rather, we hold that the term "dependents" as used in § 8–42–103(1)(c)(I) is governed by state law, rather than federal law.

### A.

■ Applying state law here, we first conclude that the insurer is not entitled to an offset for SSDI payments made to claimant's first wife after the divorce.

The record is not clear as to whether the SSDI payments made to claimant's first wife after the divorce were because she was considered a dependent under federal law or whether they were simply made erroneously. However, the record does reflect that the insurer failed to prove claimant had a legal obligation to support his former wife after their divorce. Therefore, since the former wife was not a dependent under state law after their divorce, the Panel correctly concluded insurer was not entitled to an offset

for those payments. *See Valley Tree Service v. Jimenez,* 787 P.2d 658 (Colo.App.1990); *Acme Glass Co. v. Industrial Commission,* 682 P.2d 521 (Colo.App.1984); *Commonwealth of Pennsylvania v. Barta,* 790 P.2d 895, 896 (Colo.App.1990) ("The duty to support a spouse ceases when the marriage is dissolved, unless an order of maintenance is entered in connection with the dissolution decree.").

The purpose of the social security offset is to preclude a claimant from receiving duplicative benefits. *Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo.1988); *L.E.L. Construction v. Goode,* 849 P.2d 876 (Colo.App.1992). And, here, the Panel also found the benefits paid to the claimant's ex-wife were not duplicative of the claimant's workers' compensation disability benefits. It therefore properly concluded that the claimant derived no benefit from such benefits and that the purpose behind granting an offset was not served. *See Colorado Department of Highways v. Sparling,* 821 P.2d 780 (Colo. 1991).

### B.

■ Claimant also asserts that the insurer is not entitled to *any* offset whatsoever against his workers' compensation benefits for SSDI benefits paid to members of his second family because they were not his dependents at the time of his initial SSDI award in 1977. As previously noted, their SSDI benefits began in 1987. However, claimant does not cite to any authority supporting his position and we are unaware of any.

■ In Colorado, an individual has a statutory and common law duty to support his or her spouse independent of the provisions of any court order or dissolution decree. *See Commonwealth of Pennsylvania v. Barta, supra.* *See also* § 14–6–101, C.R.S. (1993 Cum.Supp.).

Thus, we agree with the Panel that insurer was entitled to an offset for SSDI benefits paid to claimant's second wife from the time she became a "dependent" under state law; that is, from the date of their marriage.

■ Similarly, we agree with the Panel that insurer also is entitled to an offset for SSDI benefits paid to the two children from the time claimant adopted them.

Section 8–41–501(1)(b), C.R.S. (1993 Cum. Supp.) provides that minor children under the age of eighteen years, including post-humous or *legally adopted children,* are presumed to be dependent unless competent evidence shows otherwise. *See also* § 8–41–502, C.R.S. (1993 Cum.Supp.) (providing that other enumerated relatives may be considered actual dependents).

An unadopted child is not one of the persons within the enumerated categories of either § 8–41–501(1)(b) or § 8–41–502, and consequently, such a child is not a statutory dependent under our Workers' Compensation Act. *See Tri–State Commodities, Inc. v. Stewart,* 689 P.2d 712 (Colo.App.1984).

Nor do the holdings in *Colorado Fuel & Iron Co. v. Industrial Commission,* 90 Colo. 330, 9 P.2d 285 (1932), or *Empire Zinc Co. v. Industrial Commission,* 102 Colo. 26, 77 P.2d 130 (1938), conflict with *Tri–State Commodities, supra. Colorado Fuel & Iron Co.* and *Empire Zinc Co.* addressed the application of former versions of the statute now codified at § 8–41–*502.* That statute does not establish a rebuttable presumption in favor of the enumerated relatives, but rests solely on questions of fact.

In contrast, § 8–41–*501,* C.R.S. (1993 Cum. Supp.), which is applicable to spouses and natural or adopted children, creates a presumption in favor of the enumerated categories that may be rebutted by the facts presented.

## C.

■ Finally, we consider the amount of the offset available to insurer for the SSDI payments made to claimant's second wife after their marriage in July 1987 and those made to the two children after their adoption by claimant in June 1989.

Insurer contended and the Panel ruled that the basis of the insurer's offset was the amount claimant's second family received from the date of its award in 1987. The Panel found, *inter alia,* that it might be impractical or involve speculation for the insurer to prove what the initial award would have been on the date of the injury.

Claimant contends that the offset should be based upon the amount of SSDI benefits his second family members would have received in 1977 when he received his initial award. According to claimant, a holding otherwise would give insurer ten years of inflationary adjustment.

We agree with claimant and view *Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.1984) as dispositive.

In *Engelbrecht,* our supreme court held that cost-of-living increases to federal social security disability benefits may not be deducted as offsets from workers' compensation payments. The court reasoned that:

> [A] cost-of-living increase does not result in a double award. The federal government has decided that it will maintain the buying power of social security payments, not that it will provide additional benefits for a particular injury. Because Colorado does not provide benefits to keep pace with inflation, there is no double payment.

*Engelbrecht v. Hartford Accident & Indemnity Co., supra,* at 233.

Here, the parties stipulated that if the claimant's second family had been his dependents on the date of his initial award of SSDI benefits, they would each have received $77 per month in SSDI benefits. The fact that these particular dependents were acquired after the injury is a fortuitous event. And, as we read *Engelbrecht,* any amount payable to them over $77 which is based upon cost-of-living increases may not be deducted from claimant's workers' compensation award and does not constitute "periodic disability benefits" under § 8–42–103(1)(c)(I). *See Engelbrecht v. Hartford Accident & Indemnity Co., supra.*

We also note that, here, because of the stipulation, there was no speculation required to determine the correct amount that claimant's second family would have received in 1977. However, we are not persuaded that such figures also cannot be obtained from the Social Security Administration in other cases.

In sum, the Panel erred in holding that the amount of the offset for claimant's second family must be calculated based on the 1987 award, rather than upon the amount it would have been awarded in 1977. *See* § 8–43–308, C.R.S. (1993 Cum.Supp.).

Accordingly, that portion of the order is set aside, and the cause is remanded to the Panel for correction of the offset. In all other respects, the Panel's order is affirmed.

PIERCE and CRISWELL, JJ., concur.