## No. 11,713.

INDUSTRIAL COMMISSION ET AL *v.* ENYEART.

Decided May 16, 1927.   Rehearing denied May 31, 1927.

Proceeding under the workmen's compensation act. Judgment of the district court awarding compensation.

### *Reversed.*

1. WORKMEN'S COMPENSATION—*Injury Arising out of Employment.* An injury arises out of the employment when there is, apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.

2. *Injury Arising out of Employment.* Where an employee was injured while riding home from work in an auto of a fellow-employee and while on the employer's premises, it is held that the accident did not arise out of the claimant's employment.

3. *Injury Arising out of Employment.* An accident which is the result of a cause brought onto the employer's premises by the workman himself for his own purposes is not caused by his employment and does not arise out of it.

4.        *Permission to Park Auto.*    Permission to claimant to park a car
on the employer's premises held irrelevant in a proceeding under the
workmen's compensation act to recover compensation for injuries
received while on his way home in the car.

5.        *Findings.*    Findings of fact of the industrial commission are con-
trolling on the Supreme Court on review.

*Error to the District Court of the City and County of
Denver, Hon. George F. Dunklee, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr.
JEAN S. BREITENSTEIN, Assistant, Mr. OTTO FRIEDRICHS,
Assistant, Mr. FRED FARRAR, Mr. WENDALL STEPHENS,
for plaintiffs in error.

Mr. FRENCH L. TAYLOR, Mr. HARRY S. PETERSEN, for
defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the
court.

THE referee disallowed compensation to Enyeart, the
commission sustained his report, the district court set
aside the commission's award and directed compensa-
tion and the commission and the employer bring the
case here on error.    The judgment must be reversed.

The commission found as follows: "That the claim-
ant sustained an injury July 3rd, A. D. 1925, and left
work upon that date.    His injury consisted of a frac-
ture of the fifth and sixth cervical vertebrae and a par-
alyzed left arm.    He was temporarily and totally dis-
abled to September 12th, A. D. 1925, and his permanent
disability consisted of 100 per cent loss of use of the
left arm.    His average weekly wages were in excess of
$24.    The accident occurred about 4:15 p. m., July 3rd,
A. D. 1925, while the claimant and one Vasco Stone
were driving home from work and while they were

crossing a bridge upon the employer's premises. Claimant and Vasco Stone had an agreement by which they alternated using their cars to drive to and from work. This agreement was entered into for the purpose of saving each man the cost of driving his own car every day. The accident was due to a fault in the steering gear or radius rod of the car. The defective part gave way while the men were upon the bridge and they were plunged over the bridge into the creek bed. The referee finds that the accident did not arise out of and in the course of claimant's employment, but arose from a defect in the car of Vasco Stone over which the respondents had no control and that the mere fact that the accident occurred upon the premises of the employer is not sufficient to impose any liability upon the employer."

The statute, C. L. § 4389, is as follows: "The right to the compensation provided for in this act, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, on and after August 1st, 1915, shall obtain in all cases where the following conditions occur:

(a) Where, at the time of the accident, both employer and employee are subject to the provisions of this act; and where the employer has complied with the provisions thereof regarding insurance.

(b) Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment.

(c) Where the injury or death is proximately caused by accident arising out of and in the course of his employment, and is not intentionally self-inflicted."

We see, then, that to justify compensation, the accident must occur while the employee is performing service arising out of and in the course of his employment and the accident itself must also arise out of and in the course of the employment.

The question is whether upon the facts found by the commission the claimant was injured by an accident arising out of his employment.

"An injury 'arises out of' the employment when there is, apparent to the rational mind, upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury." *In re McNichol et al.,* 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; *In re Madden,* 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D, 1000; *Industrial Com. v. Anderson,* 69 Colo. 147, 150, 169 Pac. 135, L. R. A. 1918F, 885.

We may concede, though we do not decide, that the claimant, in leaving the premises of his employer, was performing a service arising out of and in the course of his employment and that the accident was in the course of his employment, but, unless everything that happens while he is on the employer's premises is caused by the employment, this accident was not so caused. If we are to retain any distinction between the words "in the course of" and the words "arising out of" we cannot say this accident arose out of claimant's employment.

It is true that there are cases elsewhere that would, with more or less reason, support us in affirming the judgment, but if any exactly justifies such affirmance it seems to us illogical and a violation of the statute.

The proximate cause of the accident was a defect in the automobile which the claimant had chosen, as a means by which to leave the premises. The employer had nothing to do with it. Suppose a workman brings to his work a lunch containing ptomaines and is poisoned by them, could it be said that the injury arose out of the employment? Clearly not, although an accident while he was eating his lunch might happen that did so arise. How does this differ from the present case? In each the workman brings the cause with him. The car for the purposes of this case must be considered as brought by the claimant. The writer is one of those who

think we have already gone too far in extending the scope of the phrase "arising out of," but we are now asked to go one step farther. Whether the mere fact that the cause was something wholly apart from the employer's control would take the case out of the scope of the phrase in question, we need not decide, but an accident which is the result of a cause brought onto the employer's premises by the workman himself for his own purposes, is not caused by his employment and does · not arise out of it. There is no case in this court, nor, so far as we know, in any court, in conflict with this proposition, and in this case we go no farther.

That claimant was permitted to park his car on the employer's premises is irrelevant. We are asked to consider the evidence, but the findings control us.

The judgment is reversed and the district court is directed to affirm the award of the commission.