LANGENHEIM *v.* INDUSTRIAL COMMISSION OF OHIO.

*Workmen's compensation—Death not occasioned in scope or course of employment—Burglar shot employe returning home from work—Employe using sidewalk constructed by employer for employes' convenience—Act causing death not directly or indirectly related to employment—Workmen's compensation law liberally construed.*

1. Death of employe from being shot by burglar while on way from work and still on walk built by employer for convenience of employes *held* not to arise within course of, nor within the scope of, employment; there being no causal connection.
2. Workmen's Compensation Law (Sections 1465-37 to 1465-108, General Code) must be given a liberal construction.
3. For recovery under the Workmen's Compensation Law (Sections 1465-37 to 1465-108, General Code), it is necessary that the record show the act causing the injury or fatality was related either directly or indirectly to the employment.
4. Where employe on way home was killed by a burglar, *held* that public policy forbade holding that injury arose in the scope of employment merely because employe was using sidewalk built by the employer for his employes' convenience.

(Decided June 20, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Patterson, O'Brien & Holland,* for plaintiff in error.

*Mr. E. C. Turner,* attorney general, and *Mr. John A. Elden,* for defendant in error.

SULLIVAN, P. J.   This cause is here on error from the court of common pleas of Cuyahoga county, wherein an appeal was had and heard from the finding of the Industrial Commission upon the application of the plaintiff in error, Thecla Langenheim, for relief, under the provisions of the statutes known as the Workmen's Compensation Act (Sections 1465-37 to 1465-108, General Code); the basis of the relief sought being that Langenheim, an employe of the Glenn L. Martin Company, of Cleveland, Ohio, while on his way home, after concluding his day's work at the plant, was shot, killed, and robbed in the early hours of the morning, while yet dark, by what is supposed to have been a burglar.   It is claimed that, inasmuch as he was at the time of his death on the land of the company, *en route* to his home, his death arose from the scope of his employment, or while in the course of his employment, and especially for the reason that he was on a pathway leading from the plant itself, where he had previously checked out, constructed by the company for the purpose of maintaining a possible course for the workmen, so that in muddy weather they would not have to walk in the fields.   But in the instant case there were intervening railroad tracks, which divided the property over which apparently the plaintiff in error had walked before his death.

If, under the circumstances of the case, the decedent had met his death on the pathway herein noted, because of some obstruction or circumstance relating to his employment, either directly or in-

directly, giving the decedent the most favorable consideration that the circumstances will allow, or as a result of some act or some conduct on the part of his fellow employes, there would not be much question in this case as to the right to recover under the Workmen's Compensation Act. It is our unanimous judgment, after learning the facts in the case at bar, that the death resulting from the revolver of a burglar, in no way connected with the company, creates a situation which is in no manner related to the employment, and therefore the fatality does not arise in the scope of the employment or in the course of employment, and is in no manner connected therewith, but, on the contrary, the agency is extrinsic to the element of employment and the necessary nexus between the fatality and the employment does not, in our judgment, in law exist.

The doctrine of the law under discussion is stated at length in *Fassig* v. *State ex rel. Turner,* 95 Ohio St., 232, 116 N. E., 104, and we quote from the fifth paragraph of the syllabus, as follows:

"The provisions in Section 35, Article II, of the Constitution, and in the statute with reference to an injury received in the course of employment refer only to an injury which is the result of or arises out of the employment. Such provisions do not cover any injury which has its cause outside of and disconnected with the employment, although the employe may at the time have been engaged in the work of his employer in the usual way."

On page 247 of the opinion (116 N. E., 108) the court says:

"It was plainly the intention of the framers of the amendment, and of the statute, to provide for

compensation only to one whose injury was the result of or connected with the employment, and would not cover any case which had its cause outside of and disconnected with the employment, although the employe may at the time have been actually engaged in doing the work of his employer in the usual way.''

In the case of *Brown* v. *Jeffrey Mfg. Co.,* 15 N. P., (N. S.), 45, 23 O. D., (N. P.), 568, quoting from page 47, (23 O. D., [N. P.], 570), we find the following language very applicable to the situation in this case:

''It is not apparent that the public welfare is to be subserved by holding a person liable in damages, if one man wantonly assaults and injures another, merely for the reason that he happens to employ both of them. It would certainly be somewhat of a surprise to the profession generally to learn that under the statute, when one of two employes murders the other while that other is engaged at his employment, the employer is liable in damages for his death, merely because he also employs the murderer. * * * The Legislature meant that it was only for willful torts committed in the course of the employment that it was legislating about and not for a class of cases where there was no liability of law and for which injuries the injured employe could not maintain an action at law against the employer.''

It is urged by able counsel for plaintiff in error that the case of *Industrial Commission* v. *Weigandt,* 102 Ohio St., 1, 130 N. E., 38, is applicable to the case at bar. We do not think that this authority is applicable in the instant case, because it leaves unchallenged the case of *Fassig* v. *State, supra,* by

employing in the third paragraph of the syllabus the following language:

"The provisions of the law do not cover an injury which had its cause outside of and disconnected with the business in which an injured workman was employed."

The fatal variance, however, between the case at bar and the *Weigandt case,* is that the so-called burglar was in no manner related to the company by way of employment or otherwise, while in the *Weigandt case,* the claimant had punched the time clock in the factory, and while on his way to work was injured from certain acts and conduct of his fellow servants. In the *Weigandt case* the claimant was in the factory, but in the instant case the decedent had concluded his day's work, had left the factory, and was on his way home, and the mere fact that he chose a course that led over some of the lands of his employer is not sufficient to make the act one arising out of the scope or the course of his employment.

In the *Weigandt case,* the employe was on his way to his machine, and thereupon was struck in the eye by a file which flew from its handle during a scuffle for its possession by two other employes. It was held in that case that the injury happened within the scope of employment, and was within the Workmen's Compensation Law. The presence of complainant in the plant, the injury arising from the act of fellow workmen in connection with a machine or utensil that was part of the general machinery of the plant, and while proceeding to his machine, were circumstances that brought about that causal connection with the injury, by way of its activities, its conditions, and its environments,

as so well analyzed in paragraph 2 of the syllabus in the *Weigandt case,* and, while it is the doctrine of Ohio, and is our own view, that the statute should be liberally construed, yet the record must show that the act causing the injury or fatality is related either directly or indirectly to the employment. This distinction is made clear in the *Weigandt case, supra,* in the opinion, where it is said, at page 8 (130 N. E., 40):

"The presence of the employe in a factory with other employes involves the hazard of injury from the machinery, the work itself, or the acts, negligent, or not negligent, of other employes. If an employe, while a part of that situation, receives an injury as the result of an occurrence incidental to the conduct of the business, that injury was received in the course of his employment."

It is argued that the walk which the decedent was using en route home was constructed by the company, and therefore that the company created a situation on behalf of its employes which of itself is a circumstance tending to show that the fatality arose in the course of the employment. We do not think this contention well founded, for the reason that public policy would contravene any such doctrine of law, for the reason, which is very obvious, that it would prevent employers from providing convenient means for employes to and from their plant. Hence we do not believe that such an argument can prevail.

Holding these views, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.