JOHN SCHANK, APPELLEE, V. THE GLENN L. MARTIN-NEBRASKA COMPANY, APPELLANT.

23 N. W. 2d 557

FILED JUNE 21, 1946. No. 32070.

386

*Gaines & Shoemaker*, for appellant.
*Fitzgerald, Tesar & Welch*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a suit for benefits alleged to be due under the provisions of the Workmen's Compensation Act. From an award in favor of the plaintiff the defendant appeals.

On June 17, 1944, plaintiff was employed by the Glenn L. Martin-Nebraska Company as a painter at an hourly wage of $1.12½. On this date plaintiff rode his motorcycle to the plant of the defendant where he worked. On arrival he discovered that he was without his identification badge, which made it necessary for him to go to the personnel office in order to gain admission to the plant. After so doing, he parked his machine outside the gates of the plant at a place where defendant company exercised some control, instead of parking it in the place provided for him. In so parking his machine he had the express permission of the guard in charge of the gate and the adjacent area. After he had completed his day's work he turned in his temporary identification badge, went out through the plant gate to his motorcycle, mounted it and started back through the plant

grounds which provided the shorter route to his home. While riding through the plant grounds on the road to another gate he collided with the automobile of another employee and suffered the injuries which produced the disability constituting the basis of this suit.

The contentions of the parties necessary to a decision can be reduced to the single question of whether the plaintiff suffered an accident arising out of and in the course of his employment.

It is a general rule that if an employee is injured while going to or from his work to his home, the injury does not arise out of nor in the course of the employment. Siedlik v. Swift & Co., 122 Neb. 99, 239 N. W. 466; Richtarik v. Bors, 142 Neb. 226, 5 N. W. 2d 199; Lincoln Traction Co. v. Reason, 143 Neb. 512, 10 N. W. 2d 344. In McDonald v. Richardson County, 135 Neb. 150, 280 N. W. 456, this court recognized an exception to this general rule. The exception as stated in that case is to the effect that an employee, leaving the premises of the employer in the usual and customary way after the work period has ended, is within the course of the employment within the meaning of the Workmen's Compensation Act. This is on the theory that walking from the building where one is employed to the street is a necessary incident of the employment. Plaintiff claims to be within the exception in the present case.

The reason upon which the exception is grounded is that the hazards of entering or leaving the place of employment while on the property of the employer are hazards of the employment which must be assumed by the employer. The employer is obliged to provide safe ingress and egress to and from the place of employment for employees entering or leaving its property in the performance of the work of the employment. Negligence not being a defense, an employer is liable for disability resulting from injuries sustained on the property of the employer when entering or leaving the place of work in the ordinary and customary way. But this is on the theory that the employer has con-

trol of the premises and the employee and that the risks of entering or leaving the place of work are incidental to the employment.

We do not think that the exception ought to be extended in its scope and that an award to the plaintiff in the present case would have that effect.

"It (an injury) 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." In re McNicol's Case, 215 Mass. 497, 102 N. E. 697.

The plaintiff, in leaving the plant of the defendant company where he was performing the work of his employment, was performing a service arising out of and in the course of his employment. The accident that subsequently occurred was in the course of the employment, but we are unwilling to say that anything which might happen on the employer's premises is caused by or arises out of the employment. If any distinction is to be maintained between the terms "in the course of" and "arising out of," we cannot say that this accident arose out of the employment.

The plaintiff in this case chose to leave the defendant's premises on a motorcycle. The motorcycle was not used in the employer's business and the employer exercised no control over it. It was brought onto the defendant's premises by the plaintiff for purposes of his own. The accident between the motorcycle and the automobile was not caused by the employment nor did it arise out of it. No basis exists for holding that a disability resulting from such an accident arose out of the employment. See Industrial Commission v. Enyeart, 81 Colo. 521, 256 P. 314.

We are committed to the view that a disability arising from injuries sustained on the employer's premises must be incidental to the employment to be within the requirement of the compensation law that it "arise out of" and "in the course of" the employment. The use of the em-

ployer's premises in the usual and ordinary manner in entering or leaving the place of employment is incidental to the employment. But it has been held that an employee on the way home after work, who was shot and killed by a robber on the defendant's premises, did not sustain injury arising out of and in the course of the employment. Langenheim v. Industrial Commission, 25 Ohio App. 1, 158 N. E. 605. Nor where the employee was driving home with another employee in the latter's car and, while on the defendant's premises, was injured by reason of a defect in the car. Industrial Commission v. Enyeart, *supra*. Nor where the employee sustained an injury while starting his car on the employer's premises, preparatory to going to lunch. In the latter case the Idaho court said: "Mere presence of employee on employer's premises at time of injury is insufficient as basis of liability under Workmen's Compensation Act." Also, " 'Nor are we prepared to hold that every accident which might occur on a private roadway of the employer, while the workman may be going to and from his work would be compensable.' " Neale v. Weaver, 60 Idaho 41, 88 P. 2d 522.

In the instant case the plaintiff, when he mounted his motorcycle, a means of transportation of his own choosing and over which the defendant had no control, became one of the general public. He could choose the route he desired to travel, and in the present case he exercised such a choice. Certainly, in the case at bar the plaintiff was traveling upon defendant's roadway for his own convenience. His day's work was done, he chose his own method of transportation, and he elected to travel through the grounds of the employer because it was the shorter way home. He was upon no mission of the employer nor upon the property of the defendant because of anything arising out of the employment. We think that it would be extending the exception to the general rule too far to say that the plaintiff was doing anything incidental to his employment when he mounted his motorcycle and drove it through the grounds of the de-

fendant in seeking the closer way home. The fact that a place to park was provided by the defendant company is not a controlling circumstance. We hold that the record will not sustain a finding that the disability arose out of or in the course of the employment.

REVERSED.