TAMARKIN COMPANY, Appellant,

v.

WHEELER et al., Appellees.

[Cite as *Tamarkin Co. v. Wheeler* (1992), 81 Ohio App.3d 232.]

Court of Appeals of Ohio,
Summit County.

No. 15179.

Decided Jan. 2, 1992.

*David R. Cook,* for appellant.

*Thomas E. Davis,* for appellees Wheeler et al.

*Lee I. Fisher,* Attorney General, and *William O'Neill,* Assistant Attorney General, for appellee Industrial Commission.

---

REECE, Judge.

This appeal of a final judgment rendered May 31, 1991 by the Summit County Court of Common Pleas arises from the claim of Eric S. Wheeler, employee-appellee, for workers' compensation benefits. Wheeler's original application was disallowed by a district hearing officer in Akron on the grounds that the injury was not sustained during the course of employment. The Canton Regional Board of Review reached a contrary conclusion. This latter decision was affirmed by the Industrial Commission.

Wheeler's employer, Tamarkin Company, appealed to the court of common pleas on May 25, 1990. R.C. 4123.519. The judge determined that Wheeler had stated a valid claim for benefits. Further review is now sought in this court.

## Facts

The parties have stipulated to the following statement of facts:

"On May 21, 1988, the Plaintiff, Eric S. Wheeler, was employed as a baker's apprentice at the Giant Eagle Grocery Store. The Giant Eagle Grocery was owned and operated by the Defendant, The Tamarkin Company.

"On May 21, 1988, the Plaintiff reported for work at 12 o'clock a.m. He was scheduled to work from 12 o'clock a.m. until 8 o'clock a.m. He drove himself to work that day in his 1979 Jeep CJ7. He parked the jeep in the store parking lot and reported for work. The store parking lot is utilized by store patrons, employees and mass transit commuters. He punched his time card in the time clock and proceeded to carry on his normal work activities.

"Sometime during the Plaintiff's shift his jeep was vandalized. At approximately 6:45 A.M. the plaintiff went to his jeep and ascertained that it had been vandalized. He neither punched out at the time clock nor was he told by his supervisor that he could go out and inspect the damage. While inspecting the damage he attempted to move a broken outside rear view [*sic*] mirror so that he could more easily enter the jeep. Upon doing so he lacerated the flexor tendon of his right little finger and the extensor tendon of his right middle finger.

"After lacerating his right hand he then went back in to the store and reported the incident to the store co-manager. He was then taken to the hospital by his father, who was also employed by Giant Eagle."

Tamarkin raises a single assignment of error.

## Assignment of Error

"The trial court committed prejudicial error as a matter of law by granting plaintiff-appellee, Eric S. Wheeler, the right to participate in the Ohio Worker's Compensation Fund as the agreed statement of facts demonstrates that he did not sustain an injury in the course of and arising out of his employment as a matter of law."

A compensable "injury" must be "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). The Supreme Court explained in *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 360, 401 N.E.2d 448, 449, that:

"The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment. * * *" (Citations omitted.)

In an appeal of an Industrial Commission ruling pursuant to R.C. 4123.519, the court of common pleas conducts a trial *de novo* in which the burden of proof remains with the claimant. *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 71, 11 OBR 315, 316, 464 N.E.2d 133, 134; *Swift & Co. v. Wreede* (1959), 110 Ohio App. 252, 254–255, 12 O.O.2d 240, 241–242, 168 N.E.2d 757, 759–760. Due to the parties' stipulation of fact, the only issue before the trial court was whether Wheeler's injury was sustained in the course of employment. An appellate court need not afford any special deference on such purely legal questions.

"The purpose of the Workers' Compensation Act is not to make an employer an absolute insurer of the employee's safety, but only to protect the employee against risks and hazards incident to the performance of his work." *Phelps v. Positive Action Tool Co.* (1986), 26 Ohio St.3d 142, 144, 26 OBR 122, 123, 497 N.E.2d 969, 970. The dual requirements that a compensable injury be "received in" and "arising out of" the course of employment have been combined into a "causal connection" test. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 276–278, 551 N.E.2d 1271, 1273–1275. In *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus, the court held that:

"Whether there is a sufficient 'causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." See, also, *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 70, 572 N.E.2d 661, 665.

■ Addressing the first prong, Wheeler's accident occurred, technically, at his place of employment. This circumstance must be tempered by the fact, however, that his duties as a baker's apprentice did not require him to be in the parking lot during working hours. The mere happenstance that an employee was injured on his employer's property, without more, is not sufficient to warrant benefits. See *Langenheim v. Indus. Comm.* (1927), 25 Ohio App. 1, 5, 158 N.E. 605, 606.

Turning to the second prong, it is readily apparent that Tamarkin's degree of control over the accident situs was minimal. We are at a loss to understand what the employer could have reasonably done to prevent Wheeler from cutting himself during the impromptu repair job. Cf. *Fisher, supra,* 49 Ohio St.3d at 279, 551 N.E.2d at 1275.

Finally, we find that Tamarkin received *no* benefit whatsoever from Wheeler's activities in the parking lot. His attempt to repair his jeep was of his own doing and for his own interests. In *Kohlmayer v. Keller* (1970), 24 Ohio St.2d 10, 12, 53 O.O.2d 6, 7, 263 N.E.2d 231, 232, by contrast, the court reasoned that an employee injured at a company picnic was entitled to workers' compensation since his presence at the function, along with his co-workers, improved employee relations. Similarly, in *Fisher, supra,* 49 Ohio St.3d at 279, 551 N.E.2d at 1275, the court noted that a teacher injured while collecting funds for a school related charity was providing her employer with "heightened morale." No such benefit, real or intangible, was supplied in the instant case.

The trial court cites *Griffin v. Hydra–Matic Div., Gen. Motors Corp.* (1988), 39 Ohio St.3d 79, 529 N.E.2d 436, to support the determination that Wheeler is entitled to benefits. In that case, the employee slipped in the employer's driveway as she was heading to her car after work. The cause of the fall, "a wet or icy spot," could have been remedied by the employer and was under its control. Moreover, the activity the employee was engaged in, walking to her car, was necessary to her job, thereby benefiting the employer. *Griffin* is therefore entirely distinguishable from the instant dispute.

Any relationship between Wheeler's injury and Tamarkin was purely fortuitous. Cutting one's hand on a broken rearview mirror is not a risk incident to the duties of a baker's apprentice. *Phelps, supra.* The combined facts that (1) the vandal chose the Giant Eagle parking lot as the scene of the crime, and (2) Wheeler decided to attempt the hazardous repair during his working hours, are not sufficient to justify participation in the Worker's Compensation Fund.

This assignment of error is sustained. The judgment of the court of common pleas is reversed.

*Judgment reversed.*

CACIOPPO, J., concurs.

QUILLIN, P.J., dissents.

QUILLIN, P.J., dissenting.

Because I believe, as did the trial judge, that *Griffin v. Hydra–Matic Div., Gen. Motors Corp.* (1988), 39 Ohio St.3d 79, 529 N.E.2d 436, controls, I must dissent.