LEWIS, Appellee,

v.

**TNT HOLLAND MOTOR EXPRESS, INC., Appellant, et al.** ▌

[Cite as *Lewis v. TNT Holland Motor Express, Inc.* (1998), 129 Ohio App.3d 131.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18726.

Decided July 22, 1998.

*Corey V. Crognale* and *Michael A. Womack,* for appellant.

*Theresa M. Walsh,* for appellee.

REECE, Judge.

Appellant TNT Holland Motor Express, Inc. ("the employer") appeals from the judgment of the Summit County Court of Common Pleas upholding a workers' compensation claim made by appellee Stanley Lewis. We reverse and remand.

The employer's business consists of delivering cargo via tractor-trailer. Lewis is a long-distance truck driver for the employer, operating out of the employer's terminal in Akron, Ohio. On March 22 and 23, 1995, Lewis made a delivery to the employer's terminal in Raleigh, North Carolina. After making his delivery, Lewis took a taxi cab to a local hotel where the employer had an account and checked into a room. Lewis ate breakfast, then went to sleep at approximately 9:00 a.m.

At approximately 7:30 p.m., Lewis was awakened by a telephone call, ordering him to report for work at 9:30 p.m. He arose and took a shower about a half-hour later. As he was stepping out of the shower, Lewis slipped and sustained injuries. He was later taken to a hospital and examined.

Lewis made a claim for workers' compensation benefits for his injuries. The claim was allowed by a district hearing officer and a staff hearing officer of the Industrial Commission, and the Industrial Commission refused the employer's appeal. The employer then appealed to the Summit County Court of Common

Pleas. The employer and Lewis both moved for summary judgment. On August 18, 1998, the trial court granted Lewis's motion for summary judgment and denied the employer's motion. This appeal followed.

The employer asserts one assignment of error:

"The trial court erred in granting appellee's motion for summary judgment, and denying appellant's motion for summary judgment."

█ Pursuant to Civ.R. 56(C), summary judgment is proper if "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Appellate review of a lower court's entry of summary judgment is *de novo*, applying the same standard used by the trial court. *McKay v. Cutlip* (1992), 80 Ohio App.3d 487, 491, 609 N.E.2d 1272, 1274–1275.

█ Employees may receive workers' compensation benefits only for an injury "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Both prongs of the test must be met in order for the injury to be compensable. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1273. The "in the course of" prong deals with the time, place, and circumstances of the injury. *Id.* The "arising out of" prong relates to a causal connection between the injury and the employment. *Id.* at 277–278, 551 N.E.2d at 1273–1275.

█ "Whether there is a sufficient 'causal connection' between an employee's injury and his employment to justify the right to participate in the Workers' Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including, (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376, 423 N.E.2d 96, syllabus.

We find that Lewis has not met the "arising out of" prong. In *Tamarkin Co. v. Wheeler* (1992), 81 Ohio App.3d 232, 610 N.E.2d 1042, this court addressed an appeal from a workers' compensation claim by a bakery employee. The employee's car, parked in the employer's parking lot, was vandalized while the employee was on the clock. While still on the clock, the employee went to his car to inspect the damage and was injured. This court found that the employee did not meet the "arising out of" prong. In addressing the second part of the prong, the employer's degree of control over the accident scene, we said, "[I]t is readily

apparent that [the employer's] degree of control over the accident situs was minimal. We are at a loss to understand what the employer could have reasonably done to prevent [the employee] from cutting himself during the impromptu repair job." *Id.* at 235, 610 N.E.2d at 1044.

Lewis likewise has not met the second prong. It is difficult to conceive how his employer could have prevented Lewis from slipping and falling while leaving the bathtub. The control over the bathtub conditions was solely with the hotel. Just as "[c]utting one's hand on a broken rearview mirror is not a risk incident to the duties of a baker's apprentice," *id.* at 236, 610 N.E.2d at 1044, falling out of a bathtub after taking a shower is not a risk incident to the duties of a long-distance truck driver.

Because Lewis did not meet the "arising out of" prong of the injury test, he was not entitled to summary judgment as a matter of law. Conversely, by having negated an essential element of Lewis's case, the employer was entitled to summary judgment. Accordingly, the employer's sole assignment of error is sustained.

The employer's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed,*
*and cause remanded.*

SLABY, P.J., and DICKINSON, J., concur.