This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Pro-Fab Industries, Inc. ("Pro-Fab"), appeals from the decision of the Wayne County Court of Common Pleas which granted Appellee, Larry Wissman ("Wissman"), the right to participate in the Ohio Workers' Compensation Fund. We reverse.
 I.
In February 2001, Wissman was employed by Pro-Fab. On February 16, 2001, Wissman tripped over the tines of a forklift parked near the doorway of his plant manager's office. He sustained a fracture to his humerus in his left shoulder. Wissman filed a claim with the Bureau of Workers' Compensation. His claim was allowed and disallowed at various levels in the hearing process, with the eventual decision being that his claim was disallowed. Wissman appealed to the Wayne County Court of Common Pleas pursuant to R.C. 4123.512. The Wayne County Court of Common Pleas found that Wissman's injury was sustained in the course of and arising out of his employment and granted him the right to participate in the Workers' Compensation Fund. This appeal followed.
 II. Assignment of Error No. 1
 "THE DECISION OF THE TRIAL COURT FINDING THAT THE PLAINTIFF IS ENTITLED TO PARTICIPATE IN THE WORKERS' COMPENSATION FUND OF OHIO IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 Assignment of Error No. 2
 "THE DECISION OF THE TRIAL COURT FINDING THAT THE PLAINTIFF IS ENTITLED TO PARTICIPATE IN THE WORKERS' COMPENSATION FUND OF OHIO IS CONTRARY TO LAW."
Pro-Fab's two assignments of error are related; therefore, we address them together. Pro-Fab asserts that the trial court erred when it granted Wissman the right to participate in the workers' compensation program. Pro-Fab argues that Wissman was not injured in the course of and arising out of his employment with Pro-Fab. We agree.
The parties submitted an agreed statement of facts upon which the trial court based its decision. Therefore, Pro-Fab contests only the application of the law. We review a trial court's interpretation and application of a statute on a de novo basis because it presents us with a question of law. See State v. Frazier (2001), 142 Ohio App.3d 718, 721, citing State v. Sufronko (1995), 105 Ohio App.3d 504, 506. Upon review, an appellate court does not give deference to the trial court's determination. Id. See, also, Tamarkin Co. v. Wheeler (1992),81 Ohio App.3d 232, 234.
Pursuant to R.C. 4123.01, an employee is entitled to benefits under workers' compensation for an injury received in the course of and arising out of his employment. See R.C. 4123.01(C). The employee must meet both the "in the course of" prong and the "arising out of" prong in order to receive benefits. Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277. When determining whether an injury occurred in the course of employment, courts consider the time, place, and circumstances of the injury. Id. An injury arises out of the employment when a sufficient causal connection exists between the injury and the employment. Lord v. Daugherty (1981),66 Ohio St.2d 441, 444. Whether a sufficient causal connection exists depends on the totality of the facts and circumstances surrounding the injury. Id. In Lord, the Ohio Supreme Court set forth three factors to consider when determining the existence of a causal connection: (1) the proximity of the scene of the accident to the place of employment; (2) the degree of control the employer had over the scene of the accident; and (3) the benefit the employer received from the injured employee's presence at the scene of the accident. Id., at syllabus. Employers have been found to receive such intangible benefits as a more harmonious working atmosphere, better job service, greater job interest, and a heightened morale among employees. See Fisher, 49 Ohio St.3d at 279.
In this case, Wissman had an informal competition with a co-worker at Pro-Fab, Lois Greenbank, to see which one of them could recycle the most empty soda cans from the plant. Pro-Fab does not have its own recycling program, and Wissman and Greenbank kept any money obtained from their recycling efforts. The parties stipulate that Pro-Fab neither encouraged nor prohibited Wissman and Greenbank's recycling activities. Pro-Fab allowed the recycling to be done only during off-duty hours.
At approximately 6:00 a.m. on February 16, 2001, Jeff Sears, another Pro-Fab employee, parked a forklift outside the office of the plant manager, where Wissman was sitting. Sears told Wissman about soda cans at the other side of the plant and warned him that he had better hurry if he wanted to get the cans before Greenbank. Wissman left the office and tripped over the tines of the forklift and broke his humerus.
Pro-Fab utilizes an electronic time clock, whereby employees must clock in and out, in order to record hours worked. Wissman's normal workday began at 7:00 a.m. Although he would occasionally clock in before 7:00 a.m., Wissman was not "on the clock" at the time of his injury.
Wissman asserts that the controlling case to guide the analysis in this case is Fisher v. Mayfield (1990), 49 Ohio St.3d 275. Ms. Fisher was a schoolteacher in the Champion School District. She was injured at another school in her district after she stopped at the school to collect money from school district employees for a flower fund. Teachers, principals, nurses, librarians, secretaries, and other school district employees had been donating to the flower fund for more than nine years, and the fund was used to purchase flowers and cards for fellow employees. Fisher had been asked by a school building representative to coordinate the fund. In so doing, she stopped at the school before her regular workday began in order to collect donations and have other employees sign a card for a co-worker. The Ohio Supreme Court noted that the fund was customary and that the employer fully acquiesced to the fund's perpetuation. The Court found that it was error to deny Fisher benefits, finding that the benefit to the employer was "in the heightened morale that naturally flows from the flower fund involved in [this] case." Fisher at 279.
In contrast, in Gibson v. Tri-City Nursery, Inc. (Aug. 15, 1994), 12th Dist. No. CA94-02-020, the appellate court found that an employee's injury did not arise out of his employment because no benefit flowed to his employer. Tri-City Nursery allowed its employees to borrow the company's equipment, and Gibson was injured helping a co-employee load some equipment. Gibson was on company property, but was clocked out for the day. The court found that allowing an employee to borrow a piece of equipment is a personal favor and not company policy or a company-wide event that increases morale. Id.
Similarly, in Tamarkin Co. v. Wheeler (1992), 81 Ohio App.3d 232, the injured employee was denied benefits when the circumstances surrounding his injury provided no benefit to the employer. Wheeler was injured when he went to the company's parking lot to check his vehicle after he received a report that it had been vandalized. He injured his hand on some broken glass when he attempted to move a broken mirror. This Court denied the workers' compensation claim, stating that, although Wheeler was on company time at the time of his injury, the company "received no benefit whatsoever from Wheeler's activities in the parking lot. His attempt to repair his jeep was of his own doing and for his own interests." Id. at 235.
We find this case to be more factually similar to Gibson and TamarkinCo. In this case, Wissman's injury did not arise out of his employment with Pro-Fab. Pro-Fab did not sponsor the recycling program, nor was it a company policy. It was not a company-wide endeavor that would increase morale among employees like the flower fund did in Fisher. Moreover, a situation whereby two individuals compete against each other in the collection of recyclable soda cans for their own personal gain is quite different from a situation where employees donate money to a common fund in order to purchase flowers and greeting cards for fellow employees. The competition between Wissman and Greenbank does not result in heightened morale such as that seen in Fisher. Thus, this case is factually distinguishable from Fisher.
This was a competition between two of Pro-Fab's employees. Although Wissman was injured on the company's premises, there is nothing in the record to indicate that Pro-Fab received any benefit from Wissman's actions. At the time of his injury, Wissman was not performing an activity for the benefit of his employer; instead, he was acting solely on his own behalf. Therefore, Wissman is not entitled to participate in the Workers' Compensation Fund, because his injury was not sustained in the course of and arising out of his employment. Pro-Fab's assignments of error are sustained.
 III.
Having sustained Pro-Fab's assignments of error, we reverse the judgment of the Wayne County Court of Common Pleas.
CARR, J., BATCHELDER, J. CONCUR.