This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Christopher J. Porter, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which granted the post-decree motion to modify the shared parenting plan of Appellee, Tami S. Porter. We affirm.
{¶ 2} Appellant and Appellee were married on February 23, 1991. Three children were born during the marriage: Grace, born on June 27, 1991, Lauren, born on January 4, 1993, and Jesse, born on August 9, 1995 ("Porter children"). Thereafter, on March 19, 1999, the trial court granted the parties an uncontested divorce, which incorporated the parties' shared parenting plan ("the plan"). The plan named each party as the residential parent and legal guardian of the Porter children, but it further designated Appellant as the residential parent for school purposes. Appellee subsequently moved to modify the plan on March 15, 2001. The magistrate found that it was in the Porter children's best interest to modify the plan and, therefore, entered her proposed decision granting Appellee's motion. Appellant objected to the magistrate's proposed decision. The trial court overruled Appellant's objections and adopted the magistrate's proposed decision, thereby granting Appellee's motion to modify the plan. It is from this decision that Appellant timely appeals and raises three assignments of error for review.
 ASSIGNMENT OF ERROR I {¶ 3} "The trial court abused its discretion in the modification of the [plan]."
{¶ 4} In his first assignment of error, Appellant avers that the trial court improperly applied the law to the facts of this case. Specifically, Appellant contends that the trial court was required to perform an analysis under R.C. 3109.04(E)(1). We disagree.
{¶ 5} When reviewing whether a trial court correctly interpreted and applied a statute, an appellate court employs the de novo standard as it presents a question of law. See Akron v. Frazier (2001),142 Ohio App.3d 718, 721, citing State v. Sufronko (1995),105 Ohio App.3d 504, 506. Thus, an appellate court does not give deference to the trial court's determination. Frazier,142 Ohio App.3d at 721. See, also, Tamarkin Co. v. Wheeler (1992), 81 Ohio App.3d 232, 234.
{¶ 6} In this case, the trial court modified the shared parenting plan applying R.C. 3109.04(E)(2)(b). R.C. 3109.04(E)(2)(b), provides that:
 {¶ 7} "The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."
{¶ 8} Appellant argues that the trial court cannot unilaterally under R.C. 3109.04(E)(2)(b) modify a shared parenting plan to reallocate parental rights. Rather, Appellant argues that a trial court must perform an analysis under R.C. 3109.04(E)(1). Although Appellant is correct that a trial court may not unilaterally reallocate parental rights under R.C.3109.04(E)(2)(b), the instant case does not involve the reallocation of parental rights. See Fisher v. Campbell (June 23, 1997), 12th Dist. No. CA96-11-248 (stating that R.C. 3109.04(E)(1)(a) must be applied to those modifications that substantially change the allocation of the parties' parental rights, whereas R.C. 3109.04(E)(2) allows that trial court to unilaterally modify the terms of a shared parenting plan). In this case, the judgment entry of the trial court merely changes the designation of the residential parent for school purposes, and this change does not affect the legal rights of either parent nor does it involve a reallocation of parental rights. R.C. 3109.04(K)(6) and (K)(7) (providing that the designation of one parent as residential parent for school purposes does not affect a provision in the shared parenting plan that designates each parent as residential parent). Therefore, as the judgment entry of the trial court merely changed the terms of the plan, the trial court did not erroneously apply R.C. 3109.04(E)(2) to effectuate the change of the residential parent for school purposes. See Fisher, supra. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II {¶ 9} "The modification of the [plan] was not supported by competent evidence. The modification of the [plan] was against the manifest weight of the evidence."
{¶ 10} In his second assignment of error, Appellant argues that the evidence does not support the trial court's determination that a change in residential parent was in the Porter children's best interest and, for that reason, the trial court erred by granting Appellee's motion to modify the plan. Appellant's argument does not have merit.
{¶ 11} A trial court's order modifying a shared parenting plan will not be reversed absent an abuse of discretion. Davis v. Flickinger
(1997), 77 Ohio St.3d 415, paragraph one of the syllabus; Donovan v.Donovan (1996), 110 Ohio App.3d 615, 618; Masters v. Masters (1994),69 Ohio St.3d 83, 85. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 12} The trial court's discretion in determining parental rights must remain within the confines of the relevant statutory provisions.Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Particularly, modifying a shared parenting plan is governed by R.C. 3109.04(E)(2)(b). This statutory provision provides that a court may modify a shared parenting plan if it is in the best interests of the children. R.C. 3109.04(E)(2)(b).
{¶ 13} In determining the best interests of a child, the court is guided by a nonexclusive set of factors outlined in R.C. 3109.04(F)(1). Specifically, R.C. 3109.04 (F)(1) provides:
 {¶ 14} "In determining the best interest of a child pursuant to this section, * * * the court shall consider all relevant factors, including, but not limited to:
 {¶ 15} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 16} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 17} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 18} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 19} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 20} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 21} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 22} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of [R.C. 2919.25] involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 23} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 24} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
{¶ 25} At the hearing concerning Appellee's motion to modify the plan, Appellee testified that Appellant previously lived in Ellet, Ohio, but had recently moved to Munroe Falls, Ohio. She further testified that the Porter children attended Hatton Elementary School in Ellet; however, as a result of Appellant's move to Munroe Falls, the Porter children would now have to attend schools in the Stow-Munroe Falls School District. Appellee stated that the Porter children have developed relationships with other students and teachers at Hatton Elementary School. She also asserted that the Porter children were involved in activities at school and in their community. Finally, Appellee testified that she has just moved to Ellet, and has purchased a home two and one-half blocks from Hatton Elementary School.
{¶ 26} Audrey Charlotte Filler ("Filler"), Appellee's mother, testified that she lives seven blocks from Hatton Elementary School. She explained that she assisted Appellant and Appellee with the Porter children. Specifically, Filler stated that she has provided transportation to and from the school for the Porter children and has been called by the school to pick up an ill grandchild when neither Appellant nor Appellee was available.
{¶ 27} Nancy Crawford ("Crawford"), a Family Court Services employee, testified that the parties should continue with the plan because it has worked well with this family. Further, she stated that the Porter children have done well with the plan and understand "who they spend what time with, and what their routine is with each parent and what their responsibilities are in each home, and who does what, when." Crawford asserted that when she wrote her report Appellee was merely exploring the idea of moving to Ellet; however, she agreed that if Appellee had moved at the time she wrote her report it would have been a consideration. Crawford, nevertheless, expressed concerns as to the Porter children's after-school routine if Appellee were designated the residential parent. Specifically, she stated that Appellee's new job schedule would not necessarily correspond with the Porter children's school schedule. As such, Crawford testified that she spoke with Appellee concerning the Porter children's after-school routine and learned that the Porter children would have two different schedules: either Filler or a babysitter would watch the Porter children until Appellee returned from work.
{¶ 28} Appellant testified that he recently moved from Ellet, Ohio to Munroe Falls, Ohio. He acknowledged that the Porter children would no longer be able to attend Hatton Elementary School; nonetheless, he testified that he has enrolled the Porter children in school in the Stow-Munroe Falls School District. Appellant also explained that the Porter children would attend day care for a few hours every day.
{¶ 29} In the instant case, the trial court based its decision to modify the plan based upon its finding that the Porter children would be required to change schools if Appellant's designation as residential parent was maintained. Furthermore, the trial court stated that "[t]he [Porter] children have lived in the area where [Appellee] now resides all their lives. They have established friendships, they are active in school and doing well." In light of the facts of this case, we find that the Porter children are familiar with their community and school and are involved in various activities in their community and at school. As such, the Porter children's familiarity with and involvement in their community and school supports a finding that it is the Porter children's best interest to modify the plan. See R.C. 3109.04(F)(1)(d) ("[t]he child's adjustment to the child's home, school, and community"). Therefore, we conclude that the trial court did not abuse its discretion in granting Appellee's motion to modify the plan as it is in the best interest of the Porter children and, accordingly, overrule Appellant's second assignment of error.
 ASSIGNMENT OF ERROR III {¶ 30} "The trial court committed error in it [sic.] decision to modify the [plan] as the parties had already resolved their issues pursuant to the provisions of the language of the [plan]."
{¶ 31} In his third assignment of error, Appellant alleges that the trial court erroneously modified the plan because the parties had already resolved the issues in accordance with the language of the plan. However, Appellant fails to support his allegation with specific references to the record. "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." (Emphasis added.) State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See, also, App.R. 16(A)(7). This court will not guess at undeveloped claims on appeal. Elyria Joint Venture v. Boardwalk Fries,Inc. (Jan. 3, 2001), 9th Dist. No. 99CA007336, at 6. As Appellant's allegation is wholly unsubstantiated by any evidence in the record, we overrule his third assignment of error.
{¶ 32} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
CARR, J., WHITMORE, J. CONCUR.